968 F.2d 1215
 140 L.R.R.M. (BNA) 2744
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BLAKE & SONS GLASS, INC., Respondent.
 No. 92-5613.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Blake & Sons Glass, Inc., Port Huron, Michigan, its officers, agents, successors, and assigns, enforcing its order dated September 12, 1991, in Case No. 7-CA-31680, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Blake & Sons Glass, Inc., Port Huron, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Unilaterally laying off employees without providing the Union with notice and the meaningful opportunity to bargain about the layoff of employees.
 
 
 4
 (b) Refusing to bargain collectively with Glaziers, Architectural Metal and Glassworkers Local Union No. 357, Brotherhood of Painters and Allied Trades, AFL--CIO by failing and refusing to make appropriate fringe benefit payments as required by its collective-bargaining agreements with the Union. The units are:
 
 Unit A
 
 5
 All glaziers, glass (except auto glass), plastic and architectural metal/material installers including residential workers; but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 Unit B
 
 6
 Inside employees including all warehousemen, paint handlers, belt machine operators, No. 1 cutters, auto glass installers, bevelers, silverers, scratch polishers, blockers, glass designers, art glass and lead glaziers, webber machine operators, metal fabricators and assemblers, head packers, porters, and insulated glass fabricators (washer and sealer); but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 7
 (c) Repudiating the collective-bargaining agreements with the Union and withdrawing recognition of the Union as the exclusive collective-bargaining representative of the employees employed within the units.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Immediately recognize and, on request, bargain collectively and in good faith with Glaziers, Architectural Metal and Glassworkers Local Union No. 357, Brotherhood of Painters and Allied Trades, AFL--CIO as the exclusive representative of the units with respect to wages, hours, and other terms and conditions of employment.
 
 
 11
 (b) Reinstate the employees laid off January 18, 1991.
 
 
 12
 (c) Make the employees in the units whole by paying in the manner set forth in the remedy section of the decision all the contractually required fringe benefit funds as provided in the collective-bargaining agreements which have not been paid and that would have been paid absent the Respondent's unilateral discontinuance of the payments.
 
 
 13
 (d) Make all employees whole for any losses of pay and benefits they may have suffered.
 
 
 14
 (e) Post at its facility in Port Huron, Michigan, copies of the attached notice marked "Appendix" Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (f) Notify the Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT lay off employees in the units described below without prior notice to the Union or without the Union being given a meaningful opportunity to bargain. The units are:
 
 Unit A
 
 19
 All glaziers, glass (except auto glass), plastic and architectural metal/material installers including residential workers; but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 Unit B
 
 20
 Inside employees including all warehousemen, paint handlers, belt machine operators, No. 1 cutters, auto glass installers, bevelers, silverers, scratch polishers, blockers, glass designers, art glass and lead glaziers, webber machine operators, metal fabricators and assemblers, head packers, porters, and insulated glass fabricators (washer and sealer); but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 21
 WE WILL NOT refuse to abide by and adhere to our collective-bargaining agreement by failing to pay the required fringe benefit payments for the employees employed in the units described above.
 
 
 22
 WE WILL NOT repudiate the collective-bargaining agreements with Glaziers, Architectural Metal and Glassworkers Local Union No. 357, Brotherhood of Painters and Allied Trades, AFL--CIO and WE WILL NOT withdraw recognition of the Union as the exclusive collective-bargaining representative of the employees employed in the units.
 
 
 23
 WE WILL make whole the above unit employees, with interest for losses sustained by our failure to maintain fringe benefits.
 
 
 24
 WE WILL reinstate the employees laid off January 18, 1991.
 
 
 25
 WE WILL make all employees whole, with interest, for any losses of pay and benefits they may have suffered.
 
 
 26
 WE WILL recognize that the Union is the exclusive collective-bargaining representative of the employees in the units.
 
 
 27
 BLAKE & SONS GLASS, INC.
 
 
 28
 (Employer)
 
 
 29
 Dated ________ By __________ (Representative) ______ (Title).
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313--226--3219.